UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCYS DAYMAR GUILLEN-PENA,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondent.

Case No. 2:26-cv-00567-TMC

ORDER DENYING EMERGENCY RELIEF

## I.    ORDER

Petitioner Francys Daymar Guillen-Pena is an individual detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington.[1] She petitions the Court under 28 U.S.C. § 2241 for relief from physical custody, arguing that she has been unlawfully detained in violation of her due process rights. Dkt. 1 at 2. Petitioner has also filed an emergency motion asking the Court to prevent Respondents from removing her from the United States or transferring her to another detention facility. Dkt. 2.

---

[1] Respondents include the Warden of NWIPC, the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), and the Field Office Director of the ICE Seattle/Tacoma Field Office. Dkt. 1 at 1. The Court has modified the case caption to reflect that Bruce Scott, though unnamed in the petition, is the current warden of NWIPC.

ORDER DENYING EMERGENCY RELIEF - 1

Petitioner has not satisfied the requirements for emergency relief under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (acknowledging that the standards applicable to temporary restraining orders and preliminary injunctions are "substantially identical"). Petitioner must show (1) a likelihood success on the merits of her petition; (2) a likelihood of irreparable harm if the Court does not grant emergency relief; (3) that the balance of equities favors injunction; and (4) that the relief sought is in the public interest. *Winter*, 555 U.S. at 20. Petitioner must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, Petitioner has not established the second element of the *Winter* test. Specifically, Petitioner has not shown an imminent risk of deportation or of transfer to another facility. Petitioner's boyfriend avers that Petitioner "was subjected to repeated transfers, solitary confinement, and verbal threats of deportation by ICE officers." Dkt. 1 at 10. Petitioner has no final order of removal, however, indicating there is no imminent threat of deportation. *Id.* And although Petitioner was transferred to multiple different facilities, she has remained at NWIPC since late November. Dkt. 1 at 2. Moreover, the Court has issued a scheduling order requiring Respondents to notify Petitioner before any action to move or transfer her from NWIPC. Dkt. 5 at 2. This notice will provide time for petitioner to contact the court to seek emergency relief if her transfer or removal becomes imminent. The court will otherwise rule on her habeas petition soon after the briefing is complete, based on the scheduling order already entered by the court. This order substantially overlaps with Petitioner's request that the Court prevent her transfer.

//

ORDER DENYING EMERGENCY RELIEF - 2

Accordingly, the Court DENIES Petitioner's request for emergency relief. Dkt. 2.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of February, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING EMERGENCY RELIEF - 3